UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION, and
WELFARE FUNDS,

         Plaintiff,

-against-              ORDER
                      13-CV-1509 (SJF)

SYRACUSE FLOOR SYSTEMS, INC., SYRACUSE
COMMERCIAL FLOOR, INC., and COMMERCIAL
FLOOR SOLUTIONS,

         Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ FEB 20 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge.

Before the Court is the Report and Recommendation ("Report") of Magistrate Judge Arlene R. Lindsay recommending that Syracuse Floor Systems, Inc.'s ("SFS"), Syracuse Commercial Floor, Inc.'s ("SCF") and Commercial Floor Solutions, Inc.'s[1] ("CFS") (collectively "defendants") motions to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b) be denied. Also before the Court are defendants' objections to the Report and plaintiffs' response to those objections. For the following reasons, defendants' motions are terminated without prejudice to renewal.

---

1. Defendant CFS timely filed a motion to dismiss the claims against it, which was denied without prejudice, for failure to follow my Individual Rule 4. DE 33 p. 1. Plaintiffs opposed CFS' motion and CFS filed a reply memorandum. CFS inadvertently failed to refile the bundled motion until now. Plaintiffs' allegations against CFS are identical to the allegations against defendant SCF and a review of CFS' memoranda shows that its grounds for dismissal are identical to those asserted by co-defendant SCF. Plaintiffs' opposition to SCF's motion to dismiss is virtually identical to the opposition to CFS' motion. Accordingly, in the interests of judicial efficiency, CFS' failure to refile its bundled motion is excused and the Report and this Order is deemed to apply to CFS to the extent it applies to SCF.

## I. Case History

Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("plaintiffs") initiated this action on March 21, 2013 by filing a complaint alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans.

Plaintiffs' complaint alleges that defendants constitute either a single employer or are alter egos of each other and therefore, SCF and CFS are bound by the collective bargaining agreement to which SFS is a signatory. Plaintiffs claim that defendants are liable for unpaid employer contributions.

In June 2013, all three defendants moved to dismiss plaintiffs' complaint pursuant to FRCP 12(b)(6) and defendant SCF additionally moved pursuant to Rule 12(b)(1), which plaintiffs opposed. The motions were referred to Magistrate Judge Lindsay to report and recommend. The Report recommended that defendants' motions be denied, to which defendants filed objections. Plaintiffs filed their responses to defendants' objections on January 27, 2014.

## II. Discussion

### A. Standard of Review

Title 28 U.SC. § 636(b)(1)(C) provides that a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected

to."). After reviewing a report, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[I]n providing for a "de novo determination" . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

**B. Analysis**

**Syracuse Floor Systems, Inc.'s Objections**

*ERISA's Written Instrument Requirement*

" 'ERISA explicitly provides, in section 402(a), that all agreements relating to pension benefits must be in writing.' " *Perreca v. Gluck*, 295 F.3d 215, 225 (2d Cir. 2002) (quoting *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 10 (2d Cir. 1992)). " 'The writing requirement protects employees from having their benefits eroded by oral modifications to the plan.' " *Id.* (quoting *Smith*, 959 F.2d at 10). "The policies underlying the exclusion of parol evidence in favor of a written integrated agreement are especially applicable to collective bargaining agreements." *Lewart v. Woodhull Care Center Assoc.*, 549 F. Supp. 879, 883 (S.D.N.Y. 1982).

SFS objects to Magistrate Judge Lindsay's Report on the ground that it erroneously overlooked the "written instrument" requirement under ERISA based on the court's statement that SFS entered into a collective bargaining agreement ("CBA") with the Northeast Regional Council of Carpenters f/k/a the Empire State Regional Council of Carpenters Union ("Union"). DE 35 p. 2. SFS argues that contrary to ERISA's requirement that "every employee benefit plan shall be established and maintained pursuant to a written instrument," 29 U.S.C. § 1102(a)(1), plaintiffs'

complaint does not allege that SFS and the Union executed a CBA or any other written instrument as contemplated by ERISA. *Id.*

Plaintiffs respond that pursuant to FRCP 8(a), simple allegations will suffice and, in a breach of contract case, a plaintiff is only required to allege that an agreement exists under which defendant is bound to perform and that defendant failed to so perform. DE 37 p. 2. Plaintiffs argue that the complaint contains sufficiently specific allegations supporting plaintiffs' claims for a court ordered audit and any sums that the audit shows are due. *Id.* at p. 3.

The complaint alleges that from January 2006 through the present, SFS was bound, "either as a signatory or through conduct manifesting its intent to be so bound, to collective bargaining agreements . . . with the Union." Compl. ¶ 9. The phrase "conduct manifesting an intent to be bound," however, does not meet the ERISA written instrument requirement. *See Perreca*, 295 F.3d at 225 ("The statutory language of § 1102(a)(1) is clear and concise and must be enforced as written.") (quoting *Smith*, 959 F.2d at 10).

Thus, while the Court recognizes that a breach of contract claim merely requires an allegation that an agreement exists and, that during the discovery process, a defendant is entitled to a copy of the contract at issue, it would be a considerable waste of judicial resources to allow this case to proceed to discovery if, in fact, there is no written instrument as required by ERISA. For instance, none of the defendants would be liable to the trustees if no written agreement between plaintiffs and SFS exists. *See Local 812 GIPA v. Canada Dry Bottling Co.*, No. 98 Civ. 3791, 1999 WL 301692, at *4 (S.D.N.Y. May 13, 1999) ("Although a written agreement is generally required under LMRA § 301, this requirement is satisfied where plaintiff alleges that defendant is the alter ego of an entity that is a signatory to such an agreement. . . . The same is true

for the purposes of ERISA § 515."). Consequently, plaintiffs are hereby directed to provide a copy of the CBA between plaintiffs and SFS to the Court and defendants upon receipt of this Order.

## III. Conclusion

In light of the foregoing and the fact that the remainder of the plausible objections center around an executed CBA, or lack thereof, the Court declines to consider the rest of the Report until the existence of a written CBA is resolved. Accordingly, the Clerk of the Court is to terminate defendants' motion without prejudice to renewal until after the Court receives the alleged CBA between plaintiffs and SFS.

**SO ORDERED.**

Dated: February 20, 2014
      Central Islip, New York

                                  s/ Sandra J. Feuerstein
                                  Sandra J. Feuerstein, U.S.D.J.