UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF EMPIRE STATE
CARPENTERS ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION,
PENSION and WELFARE FUNDS,

                                 Plaintiffs,

-against-

                                                           **MEMORANDUM AND ORDER**
                                                              13-CV-1509 (SJF)(AYS)

SYRACUSE FLOOR SYSTEMS, INC.,
SYRACUSE COMMERCIAL FLOORS, INC.,
COMMERCIAL FLOOR SOLUTIONS,
INC., SYRACUSE HARDWOOD
WHOLESALER, INC., and SYRACUSE
HARDWOOD GALLERY, INC.,

                                 Defendants.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      This is an ERISA action in which Plaintiffs seek to recover alleged failed employee benefit fund contributions. Five corporations are named as Defendants: (1) Syracuse Floor Systems, Inc. ("Syracuse Floor"); (2) Syracuse Commercial Floors, Inc. ("Syracuse Commercial"); (3) Commercial Floor Solutions, Inc. ("Commercial Floor"); (4) Syracuse Hardwood Wholesaler, Inc., ("Hardwood Wholesaler") and (5) Syracuse Hardwood Floor Gallery, Inc. ("Hardwood Gallery"). Presently before this court are the motions of the attorneys for two named Defendants (Syracuse Commercial and Commercial Floor) to withdraw as counsel.

1

The motions were filed as follows. First, on December 16, 2015, Calihan Law PLLC (the "Calihan Firm"), counsel for Commercial Floor, moved to withdraw. Docket Entry ("DE") [129]. In an order dated December 17, 2015, this Court scheduled a hearing on the Calihan Firm's motion to withdraw for January 19, 2016. That order directed moving counsel to serve his client with a copy of the motion to withdraw, along with this Court's order scheduling the hearing. See Order dated December 17, 2016. Approximately one week later, on December 23, 2015, Attorneys Woods Oviatt Gilman LLP, (the "Woods Firm"), counsel for Syracuse Commercial, moved to withdraw as counsel. DE [130]. Both motions to withdraw are premised on the clients' inability to pay legal fees. See DE [129-130].

On January 13, 2016, the Calihan Firm and the Woods Firm submitted a joint letter motion seeking to have both motions to withdraw decided on the papers already submitted, or in the alternative, to have the conference on the motions be held via telephone. Both counsel requested that the Court proceed in this manner because neither Syracuse Commercial nor Commercial Floor are in a position to pay the expenses of their attorneys at an in-person conference. DE [132] In addition, the letter motion includes the notarized statements from principles of the Syracuse Commercial and Commercial Floor (collectively the "Clients") stating that their knowledge of the pending motions to withdraw, and that neither intend to appear at the January 19, 2016 conference. The Clients also state that they do not oppose the motions to withdraw, and ask that this Court not require their attorneys to appear in person. DE [132].

In light of the fact that the Clients are aware of the motions to withdraw and state clearly that they neither oppose the motions nor intend to appear at this Court's scheduled

conference, this Court will not require any personal appearance and will decide the motions to withdraw on the basis of the papers submitted. Accordingly, this Court grants the motion to cancel oral argument, and to hear the motion on the papers previously submitted. DE [132]. Upon review of such papers, this Court hereby grants the motions to withdraw as counsel.

This court notes that the Clerk of the Court has recently noted the default of Defendants Hardwood Wholesaler and Hardwood Gallery. There is no default as to Defendant Syracuse Floor, which is represented by counsel. The Court further notes that a status conference is presently scheduled to be held before the District Court on February 1, 2016. This Court hereby advises Syracuse Commercial and Commercial Floor, that as corporations, they must retain counsel. This Court hereby grants these Defendants until January 29, 2016 to obtain new counsel. Any request to extend this date must be directed to the District Court at or prior to the February 1, 2016 scheduled conference.

Dated: Central Islip, New York
January 17, 2016

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge